Ben A. Lehavi (Nevada Bar # 14564)
Chad Pace (Nevada Bar #13057)
5940 South Rainbow Boulevard
Las Vegas, Nevada 89118
ben@benslaw.com, chad@benslaw.com
Utah Pro Hac Admission forthcoming

RYAN MERRIMAN (14720)
Bennett Tueller Johnson & Deere, LLC
3165 East Millrock Drive, Suite 500
Salt Lake City, UT 84121-5207
*Attorneys for Defendants Trena Sharell Lloyd,*
*Sharrell's World, LLC, and William M. Lloyd*
*Aka Perry Sanders*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| AMBER CHERRINGTON, ANDREW KENTON, YOUNG ONE UNIVERSITY, LLC, AMANDA GRAYCE CROSBY, JENELLE EVANS-EASON, JENNIFER KOCZUR-RICHARDON, FRITZ DREXLER, JOSEPH C. ALAMILLA, PLLC, JOSEPH C. ALAMILLA, and JANE and JOHN DOES 1-20,<br><br>          Plaintiffs,<br><br>vs.<br><br>JOHN YATES, TRENA SHARRELL LLOYD, SHARRELL'S WORLD, LLC, WILLIAM M. LLOYD aka PERRY SANDERS, and JANE AND JOHN DOES 1-20,<br><br>          Defendants. | **DEFENDANT TRENA SHARELL LLOYD'S, SHARRELL'S WORLD, LLC'S, AND WILLIAM M. LLOYD AKA PERRY SANDERS'S MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**Case No. 2:21-cv-00314**<br><br>**Judge Cecilia M. Romero** |

COMES NOW, Defendants Trena Sharell Lloyd, Sharell's World, LLC, and William M. Lloyd AKA Perry Sanders (collectively, the "Moving Defendants"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(e) and 12(b)(2), submit this Motion for a More Definite Statement and Motion to Dismiss for Lack of Personal Jurisdiction.

<u>**RELIEF SOUGHT AND SUPPORTING GROUNDS**</u>

The nine Plaintiffs in this case hale from seven different states and three different time zones. Collectively, they span most of the continental United States, including plaintiffs from Florida, North Carolina, Indiana, Utah, and California. They have sued four defendants—John Yates and the Moving Defendants—who themselves reside in two different states, Nevada and New York. Plaintiffs have brought ten different causes of action arising from allegedly defamatory statements. While the general allegations in their Complaint provide some details about these alleged statements, the ten causes of action are alleged collectively by all nine Plaintiffs against all four Defendants. Yet the general allegations in the Complaint do not identify tortious conduct on the part of each Defendant towards each of the Plaintiffs. Indeed, many of the allegations target conduct or statements made exclusively by Defendant Yates.

It is far from clear why causes of action brought by plaintiffs in Florida and California against defendants in New York or Nevada should be heard in the Federal District of Utah. And that is the primary problem with Plaintiffs' expansive pleading—without more specifics on which causes of action apply to which group of plaintiffs and defendants, the Nevada Defendants are unable to intelligently respond to the pleading on the merits or to identify whether there is a proper basis for jurisdiction over them in this forum. The Nevada Defendants accordingly ask the

Court to enter an order requiring Plaintiffs to file a more definite statement, which specifically identifies which causes of action are being alleged by each Plaintiff against each Defendant. In addition, the Moving Defendants ask the Court to dismiss them from this lawsuit for lack of personal jurisdiction.

## **RELEVANT FACTS**

Defendant, Trena Sharrell Lloyd, is the host of a popular Youtube.com channel "Sharrell's World." The channel produces talk show style videos which discuss reality television programming, news of the day, and other topical subjects. Defendant William Lloyd is a frequent guest on the channel. William's stage name is Perry Sanders. Hereinafter, TRENA LLOYD, SHARRELL'S WORLD, LLC, AND WILLIAM LLOYD are collectively referred to as "Defendants" or "Moving Defendants."

Moving Defendants reside and domicile in Nevada. The subject Sharrell's World videos are created in Nevada and posted to the internet from Nevada. Defendants have no physical presence in Utah and have not specifically reached into the jurisdiction. Non-Moving Defendant, JOHN YATES, is located in New York. *See* Complaint, ¶ 10 (Dkt. No. 2). Plaintiffs likewise have no unifying connection to the jurisdiction. Plaintiffs, ANDREW KENTON and YOUNGONE UNIVERSITY, LLC reside in California. *Id.* at ¶¶ 2-3. The remaining Plaintiffs hail from North Carolina, Florida, Utah, Colorado and Indiana. *Id.*

The crux of the Complaint avers a convoluted set of facts whereby Non-Moving Defendant, JOHN YATES (hereinafter "Yates") made allegedly offensive statements about Plaintiffs. *Id.* at ¶¶ 25-118. Plaintiffs claim that Yates insulted or bothered Plaintiff JENNIFER KOCZUR-RICHARDON throughout 2020 and published comments about her in February,

2020. *Id.* at ¶¶ 25-38. He also insulted Plaintiff Fritz Drexler in Fall, 2020 and published his biographical information. *Id.* at ¶¶ 39-44.

The Complaint sparsely references the Moving Defendants. Plaintiffs allege that the Moving Defendants appeared in videos which Yates published. *Id.* at ¶¶ 49, 55. Plaintiffs allege that Yates later appeared on the Sharrell's World Youtube.com channel, and all Defendants discussed Plaintiffs' government loans. The Complaint does not allege that any specific Defendant made a false or ill-motivated statement during these April videos. The Complaint also avers that Defendant TRENA SHARRELL LLOYD ("Lloyd") opined about her dislike for the legal profession. She stated that attorneys are all crooks. Lloyd recalled her experience as a paralegal, stating, "if my attorney was on the phone with a client for five minutes as soon as he hung up he would say bill her for an hour." *Id.* at ¶ 110. The Complaint does not aver this statement is false, and it does not connect Lloyd's recollection to any cause of action.

The balance of the Complaint pertains exclusively to Defendant Yates's statements. *Id.* at ¶¶ 67-104, 115-118.

## ARGUMENT

### I.    The Court Should Require Plaintiffs to Make a More Definite Statement.

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. FRCP 12(e). Although "[m]otions for a more definite statement are generally disfavored in light of liberal discovery available under the federal ... the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or an admission." *Rudder Holding Co., LLC v. Christensen*, No. 2:17-CV-00678-DN,

2021 WL 1171781, at *3 (D. Utah Mar. 28, 2021) (citing *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1044 (D. Kan. 2018) (internal citations omitted). Allegations which broadly group parties do not permit defendants to prepare a response, and proper consideration of whether plausible claims for relief have been stated against each defendant by each plaintiff is impeded. *See*, e.g., *Inception Mining, Inc. v. Danzig, Ltd.*, No. 2:17-CV-00944-DN, 2018 WL 6247238, at *3 (D. Utah Nov. 29, 2018). In these circumstances, a more definite statement is necessary. *Id.*

   In a defamation case, a complaint should allege precisely "what was said or to whom Defendant published the alleged malicious, untrue and damaging comments." *See*, e.g., *Nyreen v. Poet, L.L.C.*, 2019 WL 4303430 (D.S.D. 2019) (granting a motion for a more definite statement in response to a defamation complaint that was too vague because it failed to allege "what was said or to whom Defendant published the alleged malicious, untrue and damaging comments about Plaintiff's job performance") (internal quotation marks omitted). Specificity is critical because general insults are not necessarily actionable. *Prince v. Peterson,* 538 P.2d 1325, 1327–28 & n. 4 (Utah 1975) (noting that "simply making some general statement about another being a crook, or even using profanity against [another] in a general way, may not be actionable ... depend[ing] on the circumstances").

   Timeframes are likewise critical. *See*, e.g.*, Wright v. Boys and Girls Clubs of the Lowcountry*, 2013 WL 3229719, *2 (D.S.C. 2013) (granting defendant's motion for a more definite statement on defamation claim and ordering plaintiff to provide time frames and audiences of the allegedly defamatory statements), also see *Tsimpedes v. Martin*, 2006 WL 2222393, *5 (E.D. Va. 2006) (ordering plaintiff to submit a more definite statement about

allegedly false communications because "there is no indication whatsoever as to dates, recipients, or contents of the other communications").

Collectively, each plaintiff must identify what was said about each defendant, when each defendant made the statement, and to whom each defendant published the purported defamatory statement. If a defamation complaint improperly groups parties or does not include the precise statement, then each defendant cannot ascertain whether each paragraph contains a plausible allegation against him.

### A.   The Complaint is Too Vague to Permit Each Defendant to Properly Respond

Post-*Twombly,* Rule 8 pleading standards do not allow a complaint to merely lump multiple defendants together. A plaintiff must differentiate allegations when suing more than one defendant to plead a sufficiently plausible allegation which informs each defendant separately of the allegations against him. Despite this legal premise, Plaintiffs assert a host of collective allegations against Defendants without any regard for their legal independence from one another.

1.   First Cause of Action Does Not Identify a Single Defendant, Plaintiff, Nor
     Defamatory Statement

Plaintiffs collectively allege defamation against all Defendants. Plaintiffs make these allegations in the broadest strokes possible. For example, Complaint paragraph 124 alleges, "Defendants published multiple statements concerning the Plaintiffs that were felony offenses, were false, and were made recklessly."  This bare restatement of the elements of the offense leaves much to be desired. Paragraph 124 baldly avers that all Defendants defamed all Plaintiffs at an unspecified time with unspecified statements and publications. The prior paragraph incorporates paragraphs 1-122 by reference. Defendants cannot distill a concrete allegation from the 20 incorporated pages. Plaintiffs could not sweep with broader strokes.

2.  Second Cause of Action Does Not Allege a Single Plaintiff has an Actionable Claim Against an Individual Defendant

Plaintiffs plead their second cause of action, "False Light," in the same manner as the

first. Paragraph 149 avers:

> 149.    Defendants have publicly released and published (doxed) the Plaintiffs, their personal information, and their images concerning the Plaintiffs that placed Plaintiffs before the public in a false light and should be subject to liability for invasion of Plaintiffs' privacy.

This breadth of this allegation precludes any individual defendant from ascertaining its

plausibility. Paragraph 149 alleges nothing more than "all plaintiffs have a cause of action

because all defendants' conduct constitutes the elements of the offense." Also problematically,

the second cause of action does not include any timeline. It does not allege any time, place, or

manner of publication. While Plaintiffs incorporate paragraphs 1 through 147 by reference, these

allegations do not identify tortious conduct by the Moving Defendants against each of the

Plaintiffs. Yet, Plaintiffs appear to claim that each Moving Defendant has portrayed each

Plaintiff in a False Light. The Moving Defendants have no obligation to re-manufacture the first

21 pages of the Complaint into a cohesive cause of action. FRCP 8 and 12(e) place the burden

upon Plaintiffs to provide notice to each Defendant with short, succinct, plausible allegations. A

more definite statement is needed.

3.    Third Cause of Action is Impermissibly Vague

Much like the first two claims, the third cause of action for "Invasion of Privacy/Intrusion

Upon Seclusion" does not identify a single Plaintiff's claim against an individual Defendant.

Instead, this cause of action again broadly lumps all Plaintiffs together against all Defendants as

a group. The allegations do not include any time, place, or manner of publication. There is no

timeline provided in the third cause of action. The precise statement is entirely absent. Paragraph 160 lists a series of insulting words, but it does not allege that any Defendant insulted any Plaintiff. The bare lists of insults do not provide requisite notice to Defendants. It is disconnected from any specific statement, making it impossible for the Moving Defendants to determine how Plaintiffs can claim that they invaded each of the individual nine Plaintiff's privacy. This cause of action is impermissibly vague, and a more definite statement is needed.

4.  Fourth Cause of Action is Ambiguous and Indeterminate

The fourth cause of action is captioned "punitive damages." As a threshold matter, damages are not a cause of action. Damages are a result of liability, and liability is a legal conclusion following a proven cause of action. Even forgiving this incongruity, the damages cause of action is indeterminately broad. Defendants and Plaintiffs are again both broadly lumped together. There is no timeline. Plaintiffs, as a group or individually, do not connect the alleged damages to any cause of action, facts, or timeline. In contrast, the entirety of the Complaint is incorporated by reference. A more definite statement is needed so that Defendants may meaningfully respond. Each Plaintiff must present a plausible case for punitive damages against each Defendant such that each can individually respond.

5.  The Fifth through Ninth Causes of Action are Also Impermissibly Vague

The Complaint continues in the above-described fashion through the fifth, sixth, seventh, eighth, and ninth causes of action. All Plaintiffs allege that all Defendants engaged in slander per se, misappropriated a right to publicity, intentionally interfered with prospective economic relationships, participated in a civil conspiracy, and harassed all Plaintiffs. These five causes of action are entirely devoid of any timeline. None allege a specific statement made by any

individual Defendant. The Complaint lists the elements of each cause of action, but it never connects specific conduct from particular Moving Defendants to the essential elements of its claims. Plaintiffs do not allege that any specific statement damaged an individual Plaintiff.

In sum, the allegations amount to nothing more than, "all defendants committed all elements of the offense against all plaintiffs." Defendants simply cannot respond meaningfully without a more definite statement.

6. <u>Complaint Ignores Corporate Formalities</u>

Plaintiffs fail to appreciate the legal presumption that each individual Defendant and corporate Defendant SHARRELL'S WORLD, LLC are separate and independent legal entities. *See Lodges at Bear Hollow Condo. Homeowners Ass'n, Inc. v. Bear Hollow Restoration*, LLC, 2015 UT App 6, 344 P.3d 145 (noting that ordinarily, a corporation is regarded as a legal entity, separate and apart from its owners). Absent any factual or legal averments to challenge this legal premise, Plaintiffs' collective allegations against the Defendants are lacking.

Plaintiffs simply group or lump the Defendants together under a perceived umbrella of liability. There are no factual allegations or legal theories which differentiate each party and/or their purported liability. For example, Plaintiffs have not alleged alter ego, reverse veil piercing theories, or agency theory. Further still, Plaintiffs have not alleged that either individual Defendant, Trena Sharrell Lloyd or William Lloyd, is the owner of Defendant SHARRELL'S WORLD, LLC. There are no allegations whatsoever that would unify any single Defendant's liability with another Defendant's conduct. Thus, each Defendant cannot individually assess an allegation against him. The Complaint is impermissibly vague.

## II.   The Court Should Dismiss Claims Brought by All Non-Utah Plaintiffs for Lack of Personal Jurisdiction.

As noted above, nine different Plaintiffs residing in six different states have all sued the Moving Defendants for ten different causes of action. Yet only three of the Plaintiffs reside in Utah—Joseph C. Alamilla, PLLC, Joseph C. Alamilla, and Amber Cherrington. *See* Complaint, ¶¶ 1–8 (Dkt. No. 2). According to the Complaint, the rest of the Plaintiffs reside in California, Colorado, Indiana, North Carolina, and Florida (the "Non-Utah Plaintiffs"). *Id.* There is no constitutional basis for these claims to be heard in Utah, as the Non-Utah Plaintiffs have not pleaded any connection between their claims and the Moving Defendants' alleged contact with Utah.

Ordinarily, determining whether a court has personal jurisdiction over a defendant involves a three-part inquiry under the forum state's long-arm statute and the United States Constitution. *First Mortg. Corp. v. State St. Bank & Tr. Co.*, 173 F. Supp. 2d 1167, 1173 (D. Utah 2001); *see* Utah Code Ann. § 78B-3-205. But because Utah's long-arm statute requires district courts to apply it "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause," *see* Utah Code Ann. § 78B-3-201(3), the "personal jurisdiction analysis is . . . a single due process inquiry," *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017); *ClearOne Communications, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011).

Under the Due Process Clause of the Fourteenth Amendment, a litigant is subject to a court's jurisdiction if it has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be

either general or specific. If a defendant's contacts with the forum state are "continuous and systematic," the defendant "is subject to general jurisdiction" in that state even if the suit is unrelated to the defendant's contacts. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996). In contrast, to support an exercise of specific personal jurisdiction, the plaintiff's "cause of action" must "relat[e] to the party's contact with the forum state." *Old Republic*, 877 F.3d at 904. When evaluating the jurisdictional allegations in a complaint, the Court must "accept as true well-pleaded allegations in the plaintiff's complaint so long as they are not contradicted by affidavit." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007)). But the Court can—and, indeed, must—disregard conclusory allegations or "[l]egal conclusion[s]" and opinions "couched as facts." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiffs cannot establish general jurisdiction over the Moving Defendants in Utah. The jurisdictional allegations against the Moving Defendants are sparse. Plaintiffs apparently concede that the moving defendants are domiciled in Nevada. *See* Complaint, ¶¶ 11–13 (Dkt. No. 2). But they offer legal conclusions that Moving Defendants somehow have "continuous and systematic minimum contacts" with Utah based on the "online content" that Moving Defendants distribute. *Id.* ¶ 21. The Court should not accept these conclusory legal assertions because there are no supporting factual allegations to support them. *See S. Disposal, Inc. v. Texas Waste*, 161 F.3d 129, 1262 (10th Cir. 1998). Establishing the "continuous and systematic" contacts necessary for general personal jurisdiction requires that a business have a permanent presence in the forum state—"ke[eping] an office, maintain[ing] the company's files, and overs[eeing] the company's activities" from the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 130 (2014). In other words, the nature of the contacts must be so extensive "as to render [the

defendant] essentially at home in the forum State." *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 614 (10th Cir. 2012). Plaintiffs do not identify any such contacts in their Complaint. They allege that the Moving Defendants broadcasted on YouTube Live once on April 20, 2021, and again on April 23, 2021, where they made statements about the three Utah Plaintiffs. *See* Complaint, ¶¶ 105–14 (Dkt. No. 2). Other than that, they do not identify any connection between the Moving Defendants and Utah. This falls well short of establishing that the Moving Defendants have a continuous and systematic presence in Utah. And without general jurisdiction, the Non-Utah Plaintiffs must establish that this court has specific jurisdiction to entertain their claims against the Moving Defendants.

Plaintiff cannot establish specific jurisdiction as to the Non-Utah Defendants' claims either. As noted above, specific jurisdiction applies only to those claims that "relat[e] to the party's contact with the forum state." *Old Republic*, 877 F.3d at 904. Statements made from Nevada about Plaintiffs residing in California, Colorado, Indiana, North Carolina, and Florida have no discernible connection to Utah. Because there is no connection between the alleged contacts Moving Defendants have with Utah and the claims brought by any of the Non-Utah Plaintiffs, the Non-Utah Plaintiffs' claims against the Moving Defendants must be dismissed for lack of personal jurisdiction.

### III.     The Court Lacks Personal Jurisdiction for the Utah Plaintiffs' Claims as Well.

Finally, there are also insufficient allegations in the Complaint to establish personal jurisdiction over Moving Defendants for even the Utah-based causes of action. In analyzing the sufficiency of the defendant's contacts, the Supreme Court has cautioned that the "relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Walden v.*

*Fiore*, 571 U.S. 277, 284 (2014). Contacts "between the plaintiff (or third parties) and the forum State" are insufficient if they are the only link between the defendant's conduct and the forum. *Id.* at 284–85. In other words, the "plaintiff cannot be the only link between the defendant and the forum," and a defendant cannot be subjected to personal jurisdiction on the basis of "random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id.* at 285, 286.

The Tenth Circuit has also noted a "basic problem with relating" activities such as "web site hosing, internet posting, and mass emailing" to traditional personal jurisdiction precedent. *See Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011). Because the "internet operates in every state regardless of where the user is physically located," myopically analyzing where the posted content has been accessed or is available could "render[] the territorial limits of personal jurisdiction meaningless." *Id.* In other words, if the Court "were to conclude as a general principle that a person's act of placing information on the internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction . . . would no longer exist. The person placing the information on the Internet would be subject to personal jurisdiction in every state." *Id.* (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

For that reason, the Tenth Circuit has held that "posting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting could be read (and the subject of the posting may reside)." *Id.* at 1241. Rather, there must be some indication beyond the allegedly defamatory post that "a defendant deliberately directed its message at an audience in the forum state and intended harm

to the plaintiff occurring primarily or particularly in the forum state." *Id.* Allegedly defamatory

postings "may give rise to personal jurisdiction if they are directed specifically at a forum state

audience or otherwise make the forum state the focal point of the message." *Id.* at 1244.

 The allegations in Plaintiffs' Complaint fall short of this standard. When describing the

Moving Defendants' allegedly defamatory statements, Plaintiffs do not allege any express

aiming at a Utah audience. Instead, they claim "Defendant Lloyd alleged that Plaintiff

Cherrington," a Utah Plaintiff, "was posting nude photographs" and "running a hate page

against" another person. *See* Complaint, ¶ 106 (Dkt. No. 2). They also allege that "Defendant

Lloyd reported on her YouTube Live that children were being threatened by Plaintiffs" without

specifying which Plaintiffs Lloyd allegedly referred to. None of these comments are specifically

directed at a Utah audience or make Utah the focal point of the message. Underscoring that point

are allegations that "on the same broadcast Defendant Lloyd stated that Plaintiff Crosby" (a

Colorado resident) "and Plaintiff Cherrington forced Jihoon to go along with the lawsuits and

threatened him." *Id.* ¶ 108. While Plaintiffs allege that "Defendant Lloyd further recommended

that Jihoon or anyone associated with his case should file a [b]ar complaint with the Utah State

Bar Association," Plaintiffs allege that these statements were also made during the same

YouTube Live broadcast where Defendant Lloyd allegedly referred to "Plaintiff Crosby," who

resides in Colorado. *Id.* ¶¶ 110–14.

 In sum, Plaintiffs allege, at most, that one of the Moving Defendants—Defendant

Lloyd—made online comments about Plaintiffs who live in Utah. But the U.S. Supreme Court

has made clear that a plaintiff cannot be the only connection between the defendant and the

forum state. And allegedly defamatory statements about a forum resident, without more, is

insufficient to establish personal jurisdiction. For all these reasons, the Court should dismiss the Moving Defendants from this case for lack of personal jurisdiction.

## **CONCLUSION**

In summary, the vagueness of the complaint warrants a more definite statement. All ten cause of action merely reiterate offense elements. The allegations never iterate a single case fact. Each cause of action incorporates the Complaint's preceding 20+ pages, but it is not Defendants' responsibility to divine a plausible, factually supported, cause of action from Plaintiffs' shotgun pleading. The Complaint's statement of facts reaches across parties in California, Colorado, Indiana, Florida, Nevada, New York, North Carolina, and Utah. The disconnected Plaintiffs make allegations spanning time frames and locations, but each cause of action lumps all the Plaintiffs and Defendants together. The ten causes of action do not, even once, identify a single party. Likewise, no cause of action individually identifies the New York, Nevada, corporate, nor natural Defendants. These varying parties are lumped together under a perceived umbrella of liability, but the Complaint does not include any veil piercing or agency theory which would cross the individual Defendants' liabilities. The moving Defendants simply cannot respond meaningful without a more definite statement. Finally, Plaintiffs have failed to plead sufficient facts to establish personal jurisdiction over the Moving Defendants. The Court should enter an order either dismissing the Moving Defendants from this case, or at a minimum, require Plaintiffs to file a more definite statement of their claims.

DATED this 14th day of July, 2021.

BEN'S LAW

/s/ Chad Pace
CHAD PACE, ESQ.
State Bar of Nevada #13057
Utah Pro Hac Admission forthcoming


BENNETT TUELLER JOHNSON & DEERE

/s/ Ryan M. Merriman
Ryan M. Merriman
*Attorneys for Moving Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2021, a true and correct copy of **DEFENDANT TRENA SHARELL LLOYD'S, SHARRELL'S WORLD, LLC'S, AND WILLIAM M. LLOYD AKA PERRY SANDERS'S MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was served by the method indicated below, to the following:

| | | |
|---|---|---|
| Rex L. Bray | ( ) | U.S. Mail, Postage Prepaid |
| LAW OFFICE OF REX L. BRAY, P.C. | ( ) | Hand Delivered |
| 9557 S. 700 E., Suite 101 | ( ) | Overnight Mail |
| Sandy, Utah 84070 | ( ) | Facsimile |
| rexbray@hotmail.com | (X) | E-Filed |
| *Attorney for Plaintiffs* | ( ) | E-Mailed |
| | | |
| Ben Lehavi | ( ) | U.S. Mail, Postage Prepaid |
| Chad Pace | ( ) | Hand Delivered |
| BEN'S LAW | ( ) | Overnight Mail |
| 5940 South Rainbow Blvd. | ( ) | Facsimile |
| Las Vegas, Nevada 89117 | ( ) | E-Filed |
| ben@benslaw.com | (X) | E-Mailed |
| chad@benslaw.com | | |

*Attorneys for Defendants Trena Sharell Lloyd, Sharrell's World, LLC, and William M. Lloyd Aka Perry Sanders (Utah Pro Hac Admission forthcoming)*

*/s/ Kenzie Dunn*