REX L. BRAY (#7822)
LAW OFFICE OF REX L. BRAY, P.C.
9557 S. 700 E., Suite 101
Sandy, Utah  84070
*Mailing address*: P.O. Box 321
Sandy, Utah  84091-0321
Tel: (801) 953-8629
Email: rexbray@hotmail.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| AMBER CHERRINGTON, ANDREW KENTON, YOUNG ONE UNIVERSITY, LLC, AMANDA GRAYCE CROSBY, JENELLE EVANS-EASON, JENNIFER KOCZUR-RICHARDON, FRITZ DREXLER, JOSEPH C. ALAMILLA, PLLC, JOSEPH C. ALAMILLA, and JANE and JOHN DOES 1-20,<br><br>         Plaintiff,<br><br>vs.<br><br>JOHN YATES, TRENA SHARRELL LLOYD, SHARRELL'S WORLD, LLC, WILLIAM M. LLOYD aka PERRY SANDERS, and JANE AND JOHN DOES 1-20,<br><br>         Defendants. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT TRENA SHARRELL LLOYD, SHARRELL'S WORLD, LLC, AND WILLIAM M. LLOYD'S MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**(HEARING REQUESTED)**<br><br>Case No.: 2:21-cv-00314-CMR<br><br>Judge Cecilia M. Romero |

COMES NOW Plaintiffs AMBER CHERRINGTON, ANDREW KENTON, YOUNG ONE UNIVERSITY, LLC, AMANDA GRAYCE CROSBY, JENELLE EVANS-EASON, JENNIFER KOCZUR-RICHARDON, FRITZ DREXLER, JOSEPH C. ALAMILLA, PLLC, JOSEPH C. ALAMILLA, and JANE and JOHN DOES 1-20 (collectively referred to as

1

"Plaintiffs"), by and through counsel of record, and hereby files their Memorandum in Opposition to Defendant Trena Sharrell Lloyd, Sharrell's World, LLC, and William M. Lloyd's Motion for a More Definite Statement and Motion to Dismiss for Lack of Personal Jurisdiction.

## INTRODUCTION

Plaintiffs assert Defendants knew the Plaintiffs were requesting that Defendants abstain from making further false and misleading statements concerning Plaintiffs due to Defendants' acknowledged receipt of a cease-and-desist letter sent by Plaintiffs to the Defendants on or about April 10, 2021 (the "Cease-and-Desist Letter"), attached hereto as **Exhibit A** and incorporated herein by this reference. Plaintiffs also assert that Defendants knew their conduct would cause harm and alleged torts in the state of Utah. Plaintiffs posit the Defendants were put on adequate notice with the Cease-and-Desist Letter and posit that this Court has jurisdiction over the Defendants. If the Defendants were on notice that their actions and statements would cause harm in the State of Utah and proceeded regardless of the harm they would cause, then Plaintiffs have met their burden and made a prima facia showing of sufficient contact with the state of Utah for the instant case to move forward.

## STANDARD OF REVIEW

Courts review a district court's ruling on a jurisdictional question de novo. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988), *citing Ten Mile Indus. Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1524 (10th Cir.1987).

## ARGUMENT

### A. JURISDICTIONAL ARGUMENTS

### I. GENERAL RULE ON FEDERAL JURISDICTION OVER THE DEFENDANTS

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Selecthealth, Inc. v. Risinger*, F.Supp.3d 1268 (D.Utah 2014), citing *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir.1999). "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make a *prima facie* showing." *Id.*, citing *Bell Helicopter Textron, Inc. v. Heliqwest Int'l.*, Ltd., 385 F.3d 1291, 1295 (10th Cir.2004). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits … [i]f the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor." *Id.*

Courts usually "undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *Id.* at 1271-1272. Courts look to determine whether the constitutional requirement of due process are satisfied and whether there are "minimum contacts" between the defendant and the forum state. *Id.* The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction. *Id.* When the "defendant has purposely directed his activities at residents of the forum," courts in that state may exercise ***specific jurisdiction*** over cases that "arise out of or relate to those activities." *Id.* (emphasis added). In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposely avails itself of the privilege of conducting activities within the

3

forum state, thus invoking the benefits and protections of its laws." *Id.*

## II. PLAINTIFFS HAVE MET THE JURISDICTIONAL REQUIREMENT BECAUSE OF DEFENDANTS' PURPOSEFUL DIRECTION OF THEIR ACTS AIMED AT UTAH AND THE PLAINTIFFS RESIDING THEREIN.

"The minimum contacts test examines the number and nature of a defendant's contacts with the forum." *Id.* at 1272. Plaintiff asserts that the Court has specific jurisdiction over the Defendants because (1) Defendants purposely directed their activities at Plaintiffs, who are residents of Utah, despite having received a cease-and-desist letter and (2) Plaintiffs' injuries arise out of Defendants' forum-related activities. *Id.*

"The Tenth Circuit has instructed that **purposeful direction** can be found when there is an intentional act that was expressly aimed at the forum state with knowledge that the brunt of the injury from the act would be felt in the forum state." *Id.* at 1272 -1273, *citing Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). Plaintiffs offer several reasons why the Court should find that Defendants purposely directed their actions toward Utah residents. First, Defendants were on notice through the Cease-and-Desist Letter that was sent by email and physical mail to the Defendants. Second, Plaintiffs provided notice to the Defendants that they were based in Utah and that they would defend their rights in Utah if the Defendants continued to make false and misleading statements. Third, Defendants indicated to their online audience that they received the Cease-and-Desist Letter but indicated that it didn't apply to them. Finally, Defendants continued for several weeks after having received the Cease-and-Desist Letter in attacking the Plaintiffs and publishing those attacks on the world wide web.

Plaintiffs assert that Defendants knew that Plaintiffs were requesting that the Defendants abstain from making further false and misleading statements concerning the Plaintiffs, but also

4

that Defendants knew their conduct would cause harm and alleged torts in the state of Utah. Plaintiffs posit that Defendants were put on adequate notice with the Cease-and-Desist Letter and posit that this Court has jurisdiction over the Defendants. If the Defendants were on notice due to the Cease-and-Desist Letter that their actions and statements would cause harm in the State of Utah and the Plaintiffs residing therein, and they disregarded the Cease-and-Desist Letter and proceeded anyway, then Plaintiffs have met their burden and have shown a prima facia showing of sufficient contact with the state of Utah for this case to continue.

### III. PLAINTIFFS ARE ALLEGING TORTIOUS INJURIES AS A RESULT OF DEFENDANTS' CONDUCT AFTER THE DEFENDANTS RECEIVED THE CEASE-AND-DESIST LETTER AND PLAINTIFFS' INJURIES ARISE OUT OF DEFENDANTS' CONTACT WITH UTAH

Defendants did not attach any affidavit or document that would challenge Plaintiffs' numerous statements of fact. Plaintiffs have submitted the Cease-and-Desist Letter and email wherein the Defendants were put on notice that Plaintiffs would defend themselves to the fullest extent of the law in Utah. Defendants persisted in their conduct knowing that the Plaintiffs were alleging harm in the state of Utah. Plaintiffs have alleged that they have been harmed by Defendants' actions and statements. Without any evidence to the contrary, at this stage in the litigation the Plaintiffs are requesting that this Court accept Plaintiffs' allegations as true, which is a requirement under the jurisdictional analysis as previously cited.

### IV. FAIR PLAY AND SUBSTANTIAL JUSTICE

When a Defendant is shown to have had adequate minimum contacts with the forum state, the Court must also determine whether exercising jurisdiction would not offend traditional notions of fair play and substantial justice. *Id.* at 1275 The Court must consider the following five factors:

(1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3)

the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies. *Id.*

Defendants have not cited to any burden they may have in defending this case in Utah despite the fact they were put on notice that any further false and/or misleading statements would subject them to possible litigation and the Defendants promptly ignored the Cease-and-Desist and purposely continued making their false and/or misleading statements and continued their course of conduct. Defendants acted knowing they would cause a harm in the state of Utah. In *Selecthealth, Inc. v. Risinger,* the Court found that

> Plaintiff has a significant interest in receiving convenient and effective relief in Utah because Plaintiff operates in the state of Utah and does not engage in business affairs in the state of Texas. Finally, the interstate judicial system's interest and the shared interest of Utah and Texas are well-served by resolving the dispute in Utah. Therefore, the exercise of jurisdiction over Defendant in this forum will not offend traditional notions of fair play and substantial justice. *Id.* at 1276.

The majority of the Plaintiffs operate out of Utah, reside in Utah, and do not conduct business affairs in the state of Nevada. The Defendants were put on notice concerning Plaintiffs' claims and proceeded forward despite having received the Cease-and-Desist Letter. Defendants knew or should have known, or at the very least were put on notice, that their actions and statements would cause harm and would be directed into the state of Utah. At this preliminary phase of the litigation, all facts and inferences should be reviewed in a light most favorable to Plaintiffs and, under that standard, Plaintiffs have met their burden of a prima facie showing of not only the constitutional analysis but also the long arm analysis of the state of Utah and that Defendants knowingly availed themselves of Utah jurisdiction when they proceeded after having received the Cease-and-Desist Letter.

B. ARGUMENT ON MORE DEFINITIVE STATEMENT

I. **PLAINTIFFS HAVE ALLEGED THEIR CAUSES OF ACTION WITH SPECIFICITY, INCLUDING DATES, FORUM, AND PARTICULAR STATEMENTS AND HAVE INCLUDED SUFFICIENT DETAIL FOR DEFENDANTS TO MAKE THEIR ANSWERS THERETO.**

Defendants themselves cite to the general rule that "[m]otions for a more definitive statement are generally disfavored in light of liberal discovery available under the federal … the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or an admission. *Rudder Holding Co., LLC v. Christensen*, No. 2:17-CV-00678-DN, 2021 WL 1171781, at *3 (D. Utah Mar. 28, 2021) (*citing Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1044 (D. Kan. 2018) (internal citations omitted). Defendants are seeking a more definitive statement while arguing that the statements are general in nature and do not rise to the level of a tort. Defendants, therefore, should deny the allegations and the parties should conduct preliminary discover on the causes of action alleged in the complaint, which are tort based and well recognized in Utah.

Defendants additionally argue that "[t]imeframes are likewise critical." *See, e.g., Wright v. Boys and Girls Clubs of the Lowcountry*, 2013 WL 3229719, *2 (D.S.C. 2013) (granting defendant's motion for a more definite statement on defamation claim and ordering plaintiff to provide time frames and audiences of the allegedly defamatory statements). Defendants' Brief, Page 5. Plaintiffs, however, provided the exact dates of what was said in their statements of fact, who allegedly made the statements, which forum it was on (YouTube or Instagram), the numbers of the audience the Defendants have on those platforms, and what was generally discussed.

Plaintiffs have plead with specificity the 'who,' 'what,' and 'where' of the statements and how it impacted the Plaintiffs as well. Defendants can deny the allegations and the parties should

7

begin discovery wherein the Plaintiffs would disclose the collected videos that would corroborate their statements and allegations made in the Complaint. In fact, the Plaintiffs plead which statements were said, how it applied to each Plaintiff, and the date the Defendants made the statements on either YouTube or Instagram. Plaintiffs have met their burden of pleading with specificity the facts and how those facts relate to the Plaintiffs' causes of action. Defendants should be required to provide an answer and the parties should be allowed to conduct discovery.

Furthermore, in Plaintiffs causes of action, Plaintiffs adopt and incorporate their entire statements of fact as if fully set forth therein. Plaintiffs further indicate that under Utah law if a statement against a person would be a felony in Utah, that would be slander or defamation per se. Plaintiffs plead in their statements of fact that:

105.) On or about April 20, 2021, Defendant Yates, Defendant Lloyd, Defendant Sharrell's World, and Defendant Sanders went Live on Sharrell's World YouTube Live for one (1) hour and twenty-five (25) minutes and as of April 25, 2021, the broadcast had amassed no less than 3,652 views on YouTube.

106.) Defendant Lloyd alleged that Plaintiff Cherrington was posting nude photographs of Deavan, stalking Deavan, and running a hate page against Deavan.

107.) On the same date, Defendant Lloyd reported on her YouTube Live that children were being threatened by the Plaintiffs.

108.) Also on the same program broadcast, Defendant Lloyd stated that Plaintiff Crosby and Plaintiff Cherrington forced Jihoon to go along with the lawsuits and threatened him.

109.) Further, during the same online broadcast, Defendant Lloyd claimed that Plaintiff

Cherrington, Plaintiff Crosby, and Plaintiff Alamilla were "are all fu*king crooks."

110.) Defendant Lloyd also claimed that she "know[s] how attorney's work … [she] was a paralegal and a court reporter and if my attorney was on the phone with a client for 5 minutes as soon as he hung up he would say bill her for an hour … [a]nyone who works in the legal field knows that's how attorneys work," which is defamatory and an attack on Plaintiff Alamilla's professional law license and against Plaintiff JCA and its law practice.

111.) On the same YouTube Live on April 20, 2021, Defendant Lloyd further alleged that Plaintiff Alamilla's billing is "total disbarment right here," which she directed at Plaintiff Alamilla and his professional law license and against Plaintiff JCA.

112.) Defendant Lloyd further recommended that Jihoon or anyone associated with his case should file a Bar complaint with the Utah State Bar Association, which subsequently happened on or about April 23, 2021, by persons for whom Plaintiff Alamilla and/or Plaintiff JCA did not perform work and had no contract or obligation to perform any work.

113.) Defendant Lloyd alleged that Jihoon was threatened by Plaintiff Crosby and Plaintiff Cherrington who threatened and harassed Jihoon, which was false and misleading.

114.) Defendant Lloyd further stated that she hoped Plaintiff Alamilla would lose his law license and get disbarred and said that Plaintiff Alamilla's billing was fraudulent, which is a felony offense in the state of Utah.

Plaintiffs' Complaint, Paragraphs 105 -114, Pages 18 – 19.

Plaintiffs have indicated how Plaintiffs perceive that Defendants are liable to the Plaintiffs

in Tort. Plaintiffs provided sufficient detail in their statements of fact and how those statements could be felonies and/or defamation/slander per se in the state of Utah. Plaintiffs indicated who made the statement and to which audience. Again, Plaintiffs plead the statements of fact as if fully set forth in each cause of action and, accordingly, have plead with specificity the facts that would give rise to the causes of action. This Court, therefore, should deny Defendants' motion for a more definitive statement and order the Defendants to file their Answer so the parties may begin discovery.

### C. PLAINTIFFS HAVE FILED THE COMPLAINT AS A CLASS ACTION DUE TO THE NUMBER OF PLAINTIFFS AND THE COMMON DEFENDANTS, COMMON DEFENDANT ACTIONS, AND FOR THE SAKE OF JUDICIAL ECONOMY, AND THEREFORE, THIS COURT HAS JURISDICTION TO HEAR THE PLAINTIFFS' CLAIMS.

Plaintiffs allege in their Complaint that they are proceeding as a class action due to the similar nature of the allegations made against the Plaintiffs. The timeline provided by the Plaintiffs in the Complaint indicate that all of the alleged statements were made as of January 1, 2020 and were ongoing until April and/or May of 2021 against the Plaintiffs as a class. Defendant is not arguing that the class action should be decertified, but instead argues the court has no personal jurisdiction over the out of state Defendants. Plaintiffs outline why they brought this as a class action lawsuit and how they met the standards for class certification in their Complaint. Defendants do not address class certification in their motion and, if that is the argument Defendants are seeking to make, Defendants should bring those arguments in a separate motion on class certification.

Accordingly, as evidenced in the language concerning jurisdiction in this Court, Plaintiffs have met their prima facie showing of specific jurisdiction. As to the class action status, the

Defendants did not make any arguments on class certification and only provided arguments that several plaintiffs reside out of state, and they should be barred from participating in the instant lawsuit.

Plaintiffs posited in their Complaint that under Federal Rules of Civil Procedure Rule 23(a)(1)–(4), Plaintiffs are numerous and in different states to the extent that filing individual lawsuits in each of the jurisdictions is not only impracticable, but also for purposes of judicial economy the Plaintiffs have all been injured out of the same episodes, lives, and transmissions and the Defendants are the same in each and every case making the claims and defenses similar to each party and each Defendant. Finally, the lawsuit may be brought in a federal court in any of the jurisdictions and the Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

Under Federal Rules of Civil Procedure Rule 23(b)(1) the class is appropriate because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants arising from the set of facts and timeframe as alleged herein; and/or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests as they arise from the same episodes and conduct of the Defendants.

Under Federal Rules of Civil Procedure Rule 23(b)(2) the Plaintiffs are seeking injunctive relief against the Defendants for persistent and dilatory actions and statements made against the Plaintiffs and the Defendants have refused to curtail their activities and statements despite having

received a Cease-and-Desist Letter from the Plaintiffs to the extent that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Finally, under Federal Rules of Civil Procedure Rule 23(b)(3), the Plaintiffs have questions of law and/or fact common to class members that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy to the number of Plaintiffs as well as similar Defendants and common issues that arose out of the Defendants common persistent and inflammatory conduct.

Plaintiffs have adequately plead for class certification as well as the basis for said certification. Defendants have not alleged any challenge to the Plaintiffs' Complaint concerning the Plaintiffs as a class or the arguments made under the Federal Rules of Civil Procedure. Consequently, Plaintiffs request this Court deny Defendants' arguments on lack of personal jurisdiction concerning the out of state Defendants on the basis that Plaintiffs have alleged a class certification under Federal Rules of Civil Procedure, and Defendants did not address Plaintiffs' arguments raised in their Complaint thereon. The Defendants are common actors and have persisted in their conduct for over a year across multiple Plaintiffs. It would be beneficial to have all the allegations heard in one court instead of inviting the cost and expense of litigation across several fora. Defendants motion, therefore, should be denied.

## CONCLUSION

Based upon the foregoing, Plaintiffs request this Court hold a hearing in order for the parties to more fully articulate and advocate their positions. Plaintiffs also request this Court deny

the Defendants' motion and direct the Defendants to file their Answer to the Complaint.

DATED this  28th   day of July, 2021.

                                                       */s/ Rex L. Bray      /*
                                                      Rex L. Bray, Esq.
                                                      Utah Bar No. 7822
                                                      9557 South 700 East, Suite 101
                                                      Sandy, Utah 84070
                                                      *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

On this 28th day of July, 2021, I hereby certify that I electronically served the foregoing **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT TRENA SHARRELL LLOYD, SHARRELL'S WORLD, LLC, AND WILLIAM M. LLOYD'S MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**, by the method indicated below, to the following:

| | |
|---|---|
| Ryan M. Merriman<br>BENNETT TUELLER JOHNSON & DEERE<br>3165 East Millrock Drive, Suite 500<br>Salt Lake City, Utah 84121<br>Email: rmerriman@btjd.com | Sent via:<br>___Hand-Delivery<br>___Facsimile<br>___Mailed (U.S. Mail, postage prepaid)<br>_x_Other – E-Filing |
| Ben Lehavi<br>Chad Pace<br>BEN'S LAW<br>5940 South Rainbow Blvd.<br>Las Vegas, Nevada 89117<br>ben@benslaw.com<br>chad@benslaw.com | Sent via:<br>___Hand-Delivery<br>___Facsimile<br>___Mailed (U.S. Mail, postage prepaid)<br>_x_Other – E-Filing |
| Kurt W. Laird<br>Taylor L. Broadhead<br>ANDERSON | HINKINS<br>881 West Baxter Drive<br>South Jordan, UT 84095<br>kurt@andersonhinkins.com<br>taylor@andersonhinkins.com | Sent via:<br>___Hand-Delivery<br>___Facsimile<br>___Mailed (U.S. Mail, postage prepaid)<br>_x_Other – E-Filing |

_____/s/ Rex L. Bray_____
__Secretary   _x_Attorney