KURT W. LAIRD (13783)
TAYLOR L. BROADHEAD (14856)
ANDERSON | HINKINS
881 West Baxter Drive
South Jordan, UT 84095
Tel (801) 930-0290
Fax (888) 381-9657
kurt@andersonhinkins.com
taylor@andersonhinkins.com
*Counsel for Defendant John Yates*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMBER CHERRINGTON; ANDREW KENTON; YOUNG ONE UNIVERSITY, LLC, AMANDA GRAYCE CROSBY; JENELLE EVANS-EASON; JENNIFER KOCZUR-RICHARDSON; FRITZ DREXLER; JOSEPH C. ALAMILLA, PLLC; JOSPEH C. ALAMILLA; AND JANE AND JOHN DOES 1–20,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN YATES; TRENA SHARRELL LLOYD; SHARRELL'S WORLD, LLC; WILLIAM M. LLOYD aka PERRY SANDERS; and JANE AND JOHN DOES 1-20,<br><br>Defendants. | **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br>**AND**<br>**MOTION FOR MORE DEFINITE STATEMENT**<br><br>Case No. 2:21-cv-00314-RJS<br><br>Judge Robert J. Shelby |

Defendant, John Yates ("Yates"), through counsel and pursuant to 12(b)(2) and Rules 12(e), moves to dismiss Plaintiffs' Complaint[1] for lack for personal jurisdiction and, alternatively, moves for an order requiring Plaintiffs to submit a more definite statement.

> **i.      Plaintiffs' Complaint should be dismissed because the Court lacks personal jurisdiction over Yates.**

In the Complaint, there are nine plaintiffs identified by name and an additional twenty plaintiffs alleged as "Jane and John Does."[2] Of the nine named plaintiffs, six are residents of states other than Utah, including two in California, one in Colorado, one in Indiana, one in North Carolina, and one in Florida.[3] Of the defendants named, none are residents of Utah.

Under Utah's long arm statute the "personal jurisdiction analysis is . . . a single due process inquiry," *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017); *ClearOne Communications, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011). Under the Due Process Clause of the Fourteenth Amendment, a litigant is subject to a court's jurisdiction if it has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be either general or specific. If a defendant's contacts with the forum state are "continuous and systematic," the defendant "is subject to general jurisdiction" in that state even if the suit is unrelated to the defendant's contacts. *Trierweiler v. Croxton and*

---

[1] *See* Dkt 2.
[2] Dkt 2, ¶¶ 1–15.
[3] *See id.*

*Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996). In contrast, to support an exercise of specific personal jurisdiction, the plaintiff's "cause of action" must "relat[e] to the party's contact with the forum state." *Old Republic*, 877 F.3d at 904. When evaluating the jurisdictional allegations in a complaint, the Court must "accept as true well-pleaded allegations in the plaintiff's complaint so long as they are not contradicted by affidavit." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007)). But the Court can—and, indeed, must—disregard conclusory allegations or "[l]egal conclusion[s]" and opinions "couched as facts." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      Here, Plaintiffs fail to allege any specific facts that would establish general jurisdiction. Rather, Plaintiffs allege general legal conclusions without supporting facts to suggest that Defendants' contacts with the forum state are "continuous and systematic."[4] Such conclusory allegations are not enough to establish general jurisdiction and should be disregarded. *See Ashcroft*, 556 U.S. 662, 678.

      Plaintiffs also fail to allege facts sufficient to establish specific personal jurisdiction over Yates. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–284 (2014) (internal quotes and citation omitted) "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. at 284. In analyzing the

---

[4] Dkt 2, ¶ 21.

sufficiency of the defendant's contacts for personal jurisdiction, the Supreme Court has stated that the "relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Id.* at 284. The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* In other words, the "plaintiff cannot be the only link between the defendant and the forum," and a defendant cannot be subjected to personal jurisdiction on the basis of "random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id.* at 285, 286. The minimum contacts analysis looks "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

Here, there is no relationship between Yates, Utah and the six non-Utah plaintiffs. In their complaint, Plaintiffs' factual allegations are grouped into sections for each named Plaintiff. For example, in paragraphs 25–38 of the Complaint, Plaintiffs allege conduct specific only to "Plaintiff Richardson" who is a resident of Indiana.[5] In paragraphs 39–43, Plaintiffs allege conduct specific to "Plaintiff Drexler," a resident of Florida.[6] In paragraphs 44–54, Plaintiffs allege conduct specific to "Plaintiff Eason," a resident of North Carolina.[7] In paragraphs 55–66, and 115–121, Plaintiffs allege conduct specific to "Plaintiff Kenton," a resident of California, and "Plaintiff YOU," a California limited liability company.[8] In paragraphs 67 and 79, Plaintiffs

---

[5] *See id.* ¶¶ 25–38.
[6] *See id.* ¶¶ 39–43.
[7] *See id.* ¶¶ 44–54.
[8] *See id.* ¶¶ 55–66.

allege conduct specific to "Plaintiff Crosby," a resident of Colorado. None of the alleged conduct vis a vis the six non-Utah plaintiffs is alleged to have occurred in Utah or be directed at a resident of Utah. There is no alleged physical or contractual contact with Utah. In summary for all of Plaintiffs' allegations regarding at least six of the nine named plaintiffs, there is absolutely no relationship or contact between Yates and Utah. Because there is no relationship, let alone a "substantial relationship" as required by *Walden*, between Yates, Utah and the six non-Utah Plaintiffs, there is no basis for this Court to exercise specific personal jurisdiction over Yates regarding their claims.

Plaintiffs Cherrington, Alamilla and JCA (collectively "Utah Plaintiffs") do allegedly reside or operate in Utah. However, Utah Plaintiffs are the only alleged link between Yates and Utah. This alleged link between Yates and Utah Plaintiffs is not enough to establish specific personal jurisdiction. *See Walden*, 571 U.S. 277, at 285, 286 (A "plaintiff cannot be the only link between the defendant and the forum.")

Plaintiffs do complain of various statements allegedly posted by Yates to the YouTube or other internet sites. However, the Tenth Circuit has held that "posting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting could be read (and the subject of the posting may reside)." *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011). Rather, there must be some indication beyond the allegedly defamatory post that "a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.* Allegedly defamatory postings "may give rise to personal

jurisdiction if they are directed specifically at a forum state audience or otherwise make the forum state the focal point of the message." *Id.* at 1244.

Here, there is no allegation that Yates even mentioned "Utah" in any of his alleged postings. While Plaintiffs make several references to Utah and Utah law in their Complaint, they do not attribute any such references to Yates. In short, there is no indication that Yates directed his message at an audience in Utah or made Utah the focal point of his message. For at least these reasons, pursuant to the principles of specific personal jurisdiction articulated in *Shrader*, Yates is not subject to personal jurisdiction in Utah.

### ii. Alternatively, Plaintiffs should be required to submit a more definite statement.

Alternatively, for every claim that is not dismissed, Yates moves for an order requiring Plaintiffs to provide a more definite statement. In doing so, Yates incorporates by reference the authority and argument of his co-defendants' pending motion for a more definite statement.[9] Almost all of the same arguments apply to Yates' situation.[10]

In summary, there are four named defendants and six named plaintiffs in this matter. After some twenty pages of "general allegations," wherein Plaintiffs assert allegations specific to each named plaintiff, Plaintiffs spend about the next nine pages setting forth the elements of what they aver to be ten "causes of action." Not one of Plaintiffs' "causes of action" identifies any of Defendants or Plaintiffs by name or references any specific factual allegation from the

---

[9] *See* Dkt 10.
[10] The one exception is the argument made regarding Plaintiffs' failure to observe corporate formalities. This argument does not apply here because Plaintiffs have alleged claims against Yates personally, not against any related entity.

previous twenty pages. Rather, Plaintiffs make only general reference to "each and every paragraph" of the foregoing allegations at the beginning of each new "cause of action" and then attribute all of the alleged conduct and damages to all of the Defendants or Plaintiffs. As set forth in the co-defendants' motion, it is not reasonable to expect Yates to be able to respond to Plaintiffs' alleged claims without a more definite statement identifying at least the who, what, how and when of each alleged tortious act.

## CONCLUSION

Plaintiffs have failed to allege a sufficient basis for this Court to exercise general or specific personal jurisdiction over Yates. For this reason, all of Plaintiffs' claims against Yates should be dismissed. Alternatively, Plaintiffs should be required to provide a more definite statement wherein they set forth the who, what, how and when of each of their remaining claims, if any.

DATED this 12th day of August 2021.

ANDERSON | HINKINS

/s/ *Kurt W. Laird*
Kurt W. Laird
Taylor L. Broadhead
*Counsel for Defendant John Yates*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of August 2021, I caused a true and correct copy of the foregoing to be served on the following by electronic filing:

Rex L. Bray
LAW OFFICE OF REX L BRAY PC
PO Box 321
Sandy, UT 84091
rexbray@hotmail.com
*Counsel for Plaintiffs*


William M. Lloyd
Trena Sharrell Lloyd
Sharrell's World, LLC
7995 Blue Diamond Road, Suite 102-101
Las Vegas, Nevada 89178
Will4823@yahoo.com


                                                */s/ Meredith Farrell*
                                                Paralegal