IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHERRINGTON et al., <br><br> Plaintiffs, <br><br> v. <br><br> YATES et al., <br><br> Defendants. | **ORDER TO SHOW CAUSE** <br><br> Civil No. 2:21-cv-00314-RJS-DAO <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs initiated this action on May 18, 2021,[1] asserting this court has diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[2] However, Plaintiffs fail to sufficiently allege the citizenship of any of the parties, and the court in turn cannot evaluate whether it enjoys the requisite subject-matter jurisdiction. Therefore, as discussed in more detail below, Plaintiffs are ORDERED to show cause why the Complaint should not be dismissed for lack of subject-matter jurisdiction.[3]

This court has a continuing obligation to ensure it maintains subject-matter jurisdiction throughout a dispute.[4] For this court to exercise subject-matter jurisdiction under 28 U.S.C. § 1332, there must be complete diversity between the opposing sides: "no plaintiff may be a citizen

---

[1] Dkt. 2 (Complaint).

[2] *Id.* ¶ 20.

[3] Because the federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction. *Marcus v. Kansas Dept. of Revenue.*, 170 F.3d 1305, 1309 (10th Cir. 1999). The party invoking federal jurisdiction—here, Plaintiffs—have the burden of establishing subject matter jurisdiction. *Id.*

[4] *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation.") (internal quotations and citation omitted).

1

of the same state as any defendant."[5] The court notes that in class actions in which the amount in controversy is greater than $5,000,000, this rule is relaxed to a minimal diversity requirement: jurisdiction exists if any member of a class of plaintiffs is a citizen of a state different from any defendant.[6] While Plaintiffs make some class-related allegations under Federal Rule of Civil Procedure 23,[7] they do not include a prayer for relief involving a proposed class. Moreover, the amount in controversy is alleged to be in excess of $75,000, but not alleged to be greater than $5,000,000.[8] Therefore, the minimal requirements are inapplicable. Plaintiffs must demonstrate that the normal requirements for complete diversity are met for this court to exercise jurisdiction over the case.[9]

For purposes of § 1332, a party's citizenship is determined from "the facts as they existed at the time of filing."[10] The citizenship of a person is determined by where they are domiciled; "a person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[11] A corporation is a citizen of the state in which it is incorporated and of the state in which it has its principal place of business.[12] However, the citizenship of unincorporated entities, such as a limited liability company, is the citizenship of all of its members.[13] So too for

---

[5] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[6] 28 U.S.C. § 1332(d)(2) (2018).

[7] Dkt. 2. ¶ 16–19.

[8] *Id.* ¶ 20.

[9] Even if a class action is plead with an amount in controversy greater than $5,000,000, the citizenship of the parties would still need to be adequately alleged to determine whether the requirements of minimal diversity were satisfied.

[10] *Grynberg*, 805 F.3d at 905 (citation omitted).

[11] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citations omitted).

[12] *See* 28 U.S.C. § 1332(c)(1) (2018); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

[13] *Grynberg*, 805 F.3d at 905–06.

a professional limited liability company.[14] The members of unincorporated entities are "the several persons composing such an association."[15]

Plaintiffs in their Complaint do not adequately allege the citizenship of the named Plaintiffs and named Defendants, the Jane and John Doe Plaintiffs and Defendants, nor of the limited liability companies and professional limited liability company that are party to the case. First, the Complaint does not sufficiently allege the citizenship of Plaintiffs Amber Cherrington, Andrew Kenton, Amanda Grayce Crosby, Jennifer Koczur-Richardson, Jenelle Evans-Eason, Fritz Drexler, and Joseph C. Alamilla, nor of Defendants John Yates, Trena Sharrell Lloyd, and William M. Lloyd.  In alleging the citizenship of each named Plaintiff and Defendant, the Complaint states each is "is a resident of [state] and has been for the ninety days prior to the filing of the Complaint."[16]  However, as discussed *supra*, the citizenship of persons is determined by domicile: the state in which each person resides and intends to remain.[17]  The court infers the named Plaintiffs and Defendants are citizens for purposes of § 1332 in the states in which the Complaint alleges they are residents and have lived "for the ninety days prior to the filing of the Complaint."  However, if any named Plaintiff or Defendant resided and intended to remain in a different state than the one alleged at the time the Complaint was filed, Plaintiffs must indicate the accurate citizenship of that party.

Second, the Complaint does not sufficiently allege the citizenship of the John and Jane Doe Plaintiffs and Defendants.  The Complaint does not allege the citizenship of "Plaintiffs Jane

---

[14] *See Cunningham & Assocs., PLC v. ARAG, LLC*, 842 F. Supp. 2d 25, 27n2 (D.D.C. 2012); *Shanks v. Cath. Health Initiatives Colorado*, No. 20-CV-03713-STV, 2021 WL 307507, at *1 (D. Colo. Jan. 29, 2021).

[15] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (citations omitted).

[16] Dkt. 2 ¶ 1, 2, 4–7, 9–11, 13.

[17] *Middleton*, 749 F.3d at 1200.

and John Does 1-20," and alleges only that Defendants Jane and John Does 1-20 "reside or conduct business outside of the state of Utah."[18]  These allegations do not identify the citizenship of the unnamed Plaintiffs and Defendants and, therefore, do not establish diversity.[19]  Even if the unnamed Defendants do reside outside of Utah, if any of these Defendants are citizens of California, Colorado, Indiana, North Carolina, or Florida, complete diversity would be destroyed.[20]  By failing to allege the citizenship of the John and Janes Does, the Complaint cannot establish the complete diversity of citizenship of the parties.

Finally, the Complaint does not sufficiently allege the citizenship of Young One University, LLC; Joseph C. Alamilla, PLLC; or Sharrell's World; LLC.  Plaintiffs allege that Young One University is a California limited liability company with its principal place of business in California, Joseph C. Alamilla is a Utah limited liability company with its principal place of business in Utah, and Sharrell's World is "believed to be" a Nevada limited liability company with no principal place of business alleged.[21]  However, Plaintiffs fail to allege the citizenship of Young One University's, Joseph C. Alamilla's, or Sharrell's World's members.[22]  As discussed above, because Young One University and Sharrell's World are limited liability companies, their citizenship is based on the citizenship of all of their members.[23]  Similarly, the citizenship of Joseph C. Alamilla, PLLC, is based on the citizenship of all of its members.

---

[18] Dkt. 2 ¶ 14, 15.

[19] *See Van de Grift v. Higgins*, 757 F. Supp. 2d 1139, 1141 (D. Utah 2010); *see also Howell by Goerdt v. Tribune Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997).

[20] See Dkt. 2 ¶ 2, 4, 5, 6, 7.

[21] Dkt. 2 ¶ 3, 8, 12.

[22] *See id.*

[23] *Grynberg*, 805 F.3d at 905–06.

Failure to allege the citizenship of each of the LLC and PLLC members is a failure to allege the citizenship of each unincorporated entity.[24]

Plaintiffs are therefore ordered to show cause, within fourteen (14) days, why the court should not dismiss this case for lack of subject-matter jurisdiction.

SO ORDERED this 2nd day of September 2021.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[24] *Id.*